# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

COREY A. MIMS,

    Petitioner,

v.

J.V. FLOURNOY, WARDEN,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-95

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Corey A. Mims ("Mims"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 9), and Mims filed a Reply in Support of his petition. (Doc. 14.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Mims' Petition and **CLOSE** this case.

## BACKGROUND

On December 2, 2008, the grand jury in the United States District Court for the Southern District of Florida indicted Mims on charges of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Indictment, United States v. Mims, 1:08-cr-21080 (S.D. Fla. Dec. 3, 2008), ECF No. 7. Following a two day trial, the jury found Mims guilty of the one count against him. Jury Verdict, United States v. Mims, 1:08-cr-21080 (S.D. Fla. Jan. 27, 2009), ECF No. 26. Prior to sentencing, the United States Probation Office prepared a Presentence Report ("PSR"), which classified Mims as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"), based upon his prior convictions for two

serious drug offenses, a strong-arm robbery conviction, and two convictions for burglary of an unoccupied structure.[1] (Doc. 10.) The District Court sentenced Mims to 235 months in prison. J., United States v. Mims, 1:08-cr-21080 (S.D. Fla. April 8, 2009), ECF No. 30.

Mims filed an appeal, arguing that the ACCA was not applicable to his conviction under 18 U.S.C. § 922(g)(1) because, *inter alia*, his underlying convictions for burglaries of unoccupied dwellings were not proper predicate offenses for ACCA purposes. United States v. Mims, 360 F. App'x 88, 92–93 (11th Cir. 2010). The Eleventh Circuit Court of Appeals held that it "need not determine whether Mims's prior burglary of an unoccupied structure offense was a proper predicate offense for the armed career criminal enhancement, because the enhancement would have been properly applied even if his burglary of a structure offenses were not counted." Id. at 92. Specifically, the Eleventh Circuit found that "Mims had three other convictions that would qualify him as an armed career criminal. Mims did not object to the inclusion of these three offenses, and he concedes that these offenses are proper predicate offenses for the enhancement." Id. at 93–93. Based on these reasons, and others, the Court of Appeals affirmed Mims' conviction and sentence. Id.

Mims then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. Mot., United States v. Mims, 1:11-cv-20016 (S.D. Fla. Jan. 3, 2011), ECF No. 1. He argued, among other things, that two of his prior convictions, one drug offense and the strong-arm robbery, should not have qualified as predicates for the armed career criminal enhancement. (Id. at pp. 15–18.) After an evidentiary

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Mims would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

2

hearing, the district court dismissed Mims' Section 2255 motion on the merits. Order, United States v. Mims, 1:11-cv-20016 (S.D. Fla. Jan. 23, 2012), ECF No. 23. Mims filed an appeal, which the Eleventh Circuit Court of Appeals dismissed, because Mims' arguments failed to satisfy the standards for a certificate of appealability.

## DISCUSSION

In his current Petition, which was filed on July 20, 2015, Mims once again argues that he was wrongly sentenced as an armed career criminal. (Doc. 1, pp. 3, 11.) First, Mims asserts that, under the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), he is actually innocent of his underlying ACCA sentence because his convictions for "burglary and common law robbery" no longer qualify as predicate violent felonies under 18 U.C.C. § 924(e)(2)(B)(ii). (Doc. 1, pp. 6–7.) Second, Mims argues that Begay v. United States, 553 U.S. 137 (2008), also supports his argument that his prior convictions for burglary and robbery do not qualify as predicate "violent felonies" for purposes of the ACCA. (Id. at p. 6.) In grounds three and four, Mims also attacks his sentencing under the ACCA and cites Johnson v. United States, 559 U.S. 133 (2010), and Chambers v. United States, 555 U.S. 122 (2009). (Id. at pp. 7–8.) Though Mims cites Begay, Chambers, and the Supreme Court's 2010 Johnson decision in his Petition, his supporting brief only focuses on the Supreme Court's 2015 Johnson decision.[2] (Doc. 1-1.) Additionally, while his Petition attacks the use of his burglary and robbery convictions as predicate offenses, his supporting brief only attacks his burglary convictions.

In his Motion to Dismiss, Respondent contends, regardless of the applicability of Johnson, Mims cannot satisfy his burden of establishing his entitlement to relief pursuant to

---

[2] Given that the parties' arguments focus on the Supreme Court's 2015 Johnson decision and not its 2010 decision by the same name, where the Court uses the case name "Johnson", it refers to the 2015 decision found at 135 S. Ct. 2551.

3

Section 2255(e)'s savings clause, and his Petition should be dismissed as a result. (Doc. 9.) Respondent specifically contends, because Mims raises claims based on a new rule of constitutional law, Mims can pursue those claims under 28 U.S.C. § 2255(h)(2) if and when the Supreme Court makes <u>Johnson</u> retroactive to cases on collateral review. (<u>Id.</u> at pp. 4–7.) Thus, Respondent contends, the relief afforded by Section 2255 is not inadequate or ineffective as required by the savings clause. <u>Id.</u>

In his response in opposition to the Motion to Dismiss, Mims contends that he should not be forced to wait until the Supreme Court makes <u>Johnson</u> retroactive to pursue his requested relief. (Doc. 12.) Additionally, Mims filed a Notice on January 19, 2016, wherein he represents that, after receiving Respondent's Motion, he sought certification to proceed with a second Section 225 Motion under Section 2255(h). (Doc. 14.) However, the Eleventh Circuit denied his request. <u>Id.</u>

**I.    Whether Mims can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" <u>Vieux v. Warden</u>, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1333 (11th Cir. 2013). Because Mims' previous Section 2255 motion was denied by the court that imposed his sentence, he may not file another Section 2255 motion without first receiving permission from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); <u>Darby v. Hawk-Sawyer</u>,

4

405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). However, the Eleventh Circuit has denied Mims such permission.

As an alternative to seeking permission to file a second 2255 motion from the Eleventh Circuit Court of Appeals, Mims filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Mims' asserts that he properly filed this motion under Section 2241 because he is "actually innocent" of being an armed career offender. Specifically, Mims asserts that due to the Supreme Court's 2015 decision in Johnson, he can proceed under the "savings clause" of Section 2255(e).

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit

5

precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim.[3] Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

---

[3] Respondent does not address the five Bryant factors in his brief. Rather, he argues for a different interpretation of "inadequate or ineffective" under the savings clause. (Doc. 9, pp. 3–6.) Specifically, he contends that "Section 2255 may be 'inadequate or ineffective' when a defendant is categorically deprived of any opportunity to ever assert a new claim under its provisions – for example, where the prisoner already has litigated a § 2255 motion and wishes to pursue a second or successive such motion based on a new retroactive construction of the terms of a statute or treaty." (Id. at p. 4.) He argues that petitioners, like Mims, who rely upon new rules of constitutional law have an avenue for relief under 28 U.S.C. § 2255(h). (Id. at pp. 4–6.) Thus, Respondent contends, Section 2255 is not "inadequate of ineffective" to address Mims' arguments of constitutional law. Id. Therefore, Respondent's line of reasoning continues, Mims should not be allowed to rely upon the savings clause but instead should petition the Eleventh Circuit for permission to proceed under Section 2255(h). Id. Respondent notes that the Eleventh Circuit has described this approach as "intriguing" and "doctrinally attractive." (Id. at p. 5 (citing Flint v. Jordan, 514 F.3d 1165, 1167 (11th Cir. 2008)). However, the Eleventh Circuit has not adopted this position. Flint, 514 F.3d at 1167 ("As alluring as the government's theory may be, we have no occasion to decide whether we should embrace it."). In Bryant, the Court of Appeals rejected a related but different approach proposed by amicus counsel. Bryant, 738 F.3d at 1284. The court declined to hold that the savings clause should only apply to constitutional, as opposed to statutory, claims. Id. In so doing, the Eleventh Circuit indicated that there are some constitutional claims that could be heard under the savings clause because they could not "pass muster" under Section 2255(h). Id. ("Under amicus's reasoning, the savings clause in § 2255(e) cannot allow consideration of mere statutory claims because such claims could never be more serious than the myriad constitutional claims that will not pass muster under § 2255(h)(2)." (emphasis supplied)). Moreover, as a Court of Appeals judge who disagrees with Bryant's approach has observed, at this time, Bryant is this Circuit's binding precedent on the savings clause in the sentencing context. Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1275–76 (11th Cir. 2014) (Pryor, J., concurring) ("I agree that our prior panel precedent in [Bryant] governs our analysis of this appeal. . . . But I write separately to explain why the rule contrived in Bryant is indefensible as a matter of textual interpretation."). The Eleventh Circuit has not indicated, through Bryant or any other case, that the applicability of Section 2255(e) hinges on whether the issue raised is "statutory" or "constitutional." Accordingly, this Court should proceed under Bryant rather than Respondent's suggested approach. Moreover, because Petitioner does not meet the Bryant factors, the Court need not address the more limited reading of the savings clause advanced by Respondent.

6

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Additionally, the mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make the remedy afforded by Section 2255 "inadequate or ineffective" to trigger the savings clause. See Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)).

Mims nominally relies upon Johnson v. United States, 559 U.S. 133, Chambers v. United States, 555 U.S. 122, and Begay, 553 U.S. 137, in his Petition. However, his briefs make no

7

mention of these cases. Moreover, the Supreme Court handed all of these decisions down before Mims filed his Section 2255 motion in his sentencing court. See Mot., United States v. Mims, 1:11-cv-20016 (S.D. Fla. Jan. 3, 2011), ECF No. 1. Thus, any claims based on these cases cannot satisfy the first two Bryant steps.

However, the portion of Mims' Petition which relies upon the Supreme Court's decision in Johnson requires further discussion. Under the third Bryant step, Mims must establish that the rule announced in Johnson applies retroactively to cases on collateral review. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." ___ U.S. at ___, 135 S. Ct. at 2563.[4] The Eleventh Circuit has concluded "that Johnson announced a new substantive rule of constitutional law," but has "reject[ed] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015)).[5]

---

[4] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56. In Johnson, though the Court struck down the residual clause, it clarified that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2553.

[5] The Eleventh Circuit has reemphasized its stance that Johnson does not apply retroactively to cases on collateral review. In re Franks, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016). The United States Supreme Court recently granted certiorari to decide the issue of retroactivity to resolve a split amongst the Circuits. Welch v. United States, No. 15-6418, ____ S. Ct. ____, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016). I see no reason to wait on the Court's decision in Welch to address this Section 2241 Petition as that decision will not change the ultimate outcome of this case. If the Supreme Court finds Johnson not to be retroactive to cases on collateral review, then Mims could not satisfy the savings clause. Even if the Supreme Court finds Johnson to be retroactive, then it appears that the savings clause would not apply, because Mims would have a remedy under 28 U.S.C. § 2255(h) to pursue

I recognize that, in Rivero, the Eleventh Circuit did not address the retroactivity of Johnson in the context of the savings clause of Section 2255(e). Rather, the court addressed whether the petitioner could bring a second or successive petition under Section 2255(h)(2). The Court of Appeals stressed that, to satisfy Section 2255(h)(2), the Supreme Court must make the ruling of Johnson retroactive. Rivero, 797 F.3d at 989 ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). Further, the Eleventh Circuit previously emphasized that the retroactivity question under the savings clause of Section 2255(e) is "quite different from the stricter, statutory retroactivity requirements in 28 U.S.C. § 2255(h)." Bryant, 738 F.3d at 1278. Nevertheless, in Rivero, the Eleventh Circuit did not merely hold that the Supreme Court had not made Johnson retroactive. Rather, the court went on to hold that "the rule announced in Johnson does not meet the criteria the Supreme Court uses to determine whether the retroactivity exception for new substantive rules applies." Rivero, 797 F.3d at 989. Pertinently, when analyzing retroactivity in Rivero, the Court focused on the same factors that it discussed when analyzing retroactivity in Bryant. Compare Rivero, 797 F.3d at 989–90, with Bryant, 738 F.3d at 1277–78. Consequently, this Court and others have relied upon Rivero to find that Johnson does not apply retroactively even in the Section 2255(e) context. See Harris v. Warden, FCC Coleman Medium, No. 5:14-CV-173-OC-29PRL, 2015 WL 9460076, at *5 (M.D. Fla. Dec. 28, 2015) ("This Court is bound to follow [Rivero]. . . . While it may be that the Johnson decision will eventually allow for the filing of a second or successive § 2255 motion pursuant to § 2255(h)(2), Petitioner is not permitted to proceed with his § 2241 Petition to raise his Johnson-related arguments at this time."); Dixon v. Hastings, No. 2:14-cv-170, 2015 WL

---

permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition.

8489974, at *2 (S.D. Ga. Dec. 9, 2015) (finding that Johnson was not retroactive and, therefore, petitioner could not proceed on Section 2241 petition under the savings clause).  In sum, that portion of Mims's Petition which relies upon Johnson is not based upon any retroactively applicable Supreme Court decision (at least in this Circuit), and, therefore, he cannot invoke Johnson to proceed under the savings clause of Section 2255(e).

Additionally, the mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make the remedy afforded by Section 2255 "inadequate or ineffective" to trigger the savings clause. See Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Mims previously directly appealed his conviction and sentence to the Eleventh Circuit and filed a Section 2255 motion in the district of his conviction. In fact, Mims raised a similar issue on appeal as he does here—that his convictions for robbery should not be considered a qualifying offense for purposes of the ACCA. In addition, Mims does not show that he was foreclosed from bringing his claims on previous occasions; rather, he shows only that his claims were unsuccessful.

In sum, because Mims relies upon Johnson in his Section 2241 Petition, his claims are not based upon any retroactively applicable Supreme Court decision (at least in this Circuit), and,

therefore, he cannot invoke Johnson to proceed under the savings clause of Section 2255(e). Because Mims has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Therefore, this Court does not have jurisdiction to entertain this Petition or to address the parties' remaining arguments.[6]

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss (doc. 9), **DISMISS** Mims' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

---

[6] Though the Court does not have jurisdiction to decide the merits of Mims' Petition, he only attacks his burglary convictions in his supporting brief. (Doc. 1-1.) The Eleventh Circuit has already held that, even if his burglary convictions do not qualify as predicate offenses under the ACCA, Mims' other convictions, one for strong arm robbery and two for serious drug offenses, warrant application of the ACCA. United States v. Mims, 360 F. App'x at 92–93.

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Mims and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA