# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| COREY A. MIMS, | * |
| | * |
| Petitioner, | * CIVIL ACTION NO.: 2:15-cv-95 |
| | * |
| v. | * |
| | * |
| WARDEN J. V. FLOURNOY, | * |
| | * |
| Respondent. | * |

## ORDER

Presently before the Court is the Magistrate Judge's March 18, 2016, Report and Recommendation, dkt. no. 15, to which Petitioner has filed Objections, dkt. no. 16. After an independent and *de novo* review of the entire record, the Court **ADOPTS** the Report and Recommendation, as modified and supplemented below, as the opinion of the Court and **OVERRULES** Petitioner's Objections. Consequently, the Court **GRANTS** Respondent's Motion to Dismiss, dkt. no. 9, and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, dkt. no. 1. Additionally, the Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

## BACKGROUND

On January 27, 2009, a jury in the Southern District of Florida found Petitioner guilty of possessing a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jury Verdict, United States v. Mims, 1:08-cr-21080 (S.D. Fla. Jan. 27, 2009), ECF No. 26. Prior to sentencing, the United States Probation Office prepared a Presentence Report. Dkt. No. 10. That Report classified Petitioner as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"), based upon his prior convictions for two serious drug offenses, a strong-arm robbery conviction, and two convictions for burglary of an unoccupied structure.[1] Id. The District Court agreed that Petitioner was an armed career criminal and sentenced Petitioner to 235 months in prison. J., United States v. Mims, 1:08-cr-21080 (S.D. Fla. April 8, 2009), ECF No. 30.

As laid out in the Magistrate Judge's Report and Recommendation, Petitioner unsuccessfully challenged his classification as an armed career criminal first on direct appeal to the Eleventh Circuit Court of Appeals. United States

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Petitioner would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

v. Mims, 360 F. App'x 88, 92-93 (11th Cir. 2010). Petitioner next unsuccessfully challenged his sentence through a 28 U.S.C. § 2255 motion in the Southern District of Florida. Order, United States v. Mims, 1:11-cv-20016 (S.D. Fla. Jan. 23, 2012), ECF No. 23. Then, on July 20, 2015, Petitioner filed the instant Petition, pursuant to 28 U.S.C. § 2241, once again disputing his classification as an armed career criminal. Dkt. No. 1, pp. 3, 11.

Petitioner argues that, under the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), he is actually innocent of his underlying ACCA sentence because his convictions for "burglary and common law robbery" no longer qualify as predicate violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii). Dkt. No 1, pp. 6-7.[2] The Magistrate Judge recommended that the Court dismiss the Petition because Petitioner could not challenge his sentence pursuant to 28 U.S.C. § 2241. Dkt. No. 15, pp. 4-10. Specifically, the Magistrate Judge found that Petitioner could not satisfy the savings clause of 28 U.S.C. § 2255(e). Id. Among other reasons, the Magistrate Judge explained that the

---

[2] As the Magistrate Judge noted, Petitioner also cursorily cites the Supreme Court's decisions in Johnson v. United States, 559 U.S. 133 (2010), Chambers v. United States, 555 U.S. 122 (2009), and Begay v. United States, 553 U.S. 137 (2008). However, Petitioner's supporting brief and objections do not mention these cases and only focus on the Supreme Court's 2015 Johnson decision. Accordingly, the Court need not discuss the Magistrate Judge's correct conclusion that the 2010 Johnson decision, as well as the decisions in Chambers and Begay, do not entitle Petitioner to any relief. See Dkt. No. 15, pp. 7-8.

Eleventh Circuit had held that Johnson did not apply retroactively to cases on collateral review. Id. (citing In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015)).

**DISCUSSION**

Subsequent to the Report and Recommendation, the United States Supreme Court decided Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), and held that Johnson applies retroactively to cases on collateral review. In his Report and Recommendation, the Magistrate Judge noted that the Supreme Court had granted certiorari in Welch. Dkt. No. 15, p. 8, n.5 (citing Welch v. United States, No. 15-6418, ___ S. Ct. ___, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016)). However, the Magistrate Judge stated that, even if the Supreme Court found Johnson to be retroactive, Petitioner's 2241 action must be dismissed. Id. Specifically, the Magistrate Judge stated that Petitioner would have a remedy under 28 U.S.C. § 2255(h) to pursue permission from the Court of Appeals to file a second or successive 2255 motion. Id. Therefore, Section 2255 would not be inadequate or ineffective as to Petitioner's claims. While the Court agrees with this conclusion, given the decision in Welch, the Court expands the supporting discussion.[3]

---

[3] Much of the below discussion regarding the background of habeas procedure echoes that of the Magistrate Judge. However, the repetition is necessary to properly frame the Court's post-Welch analysis.

4

## I. Whether Petitioner can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner who has already brought a motion under Section 2255 must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 motion. 28 U.S.C. § 2255(h).

Rather than seeking such permission from the Eleventh Circuit, Petitioner filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a

Section 2241 petition may be filed, Petitioner asserts that he properly filed this Petition under Section 2241 because he is "actually innocent" of his ACCA conviction and sentence. Specifically, Petitioner argues that, due to the Supreme Court's decision in Johnson, he can proceed under the "savings clause" of Section 2255(e).

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255(e) (emphasis added). The above-underlined portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely

foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661-62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338. Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC

Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

As noted above, Petitioner's attempt to "open the portal" rests upon the Supreme Court's decision in Johnson. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

Petitioner's Johnson claims do not satisfy the Bryant factors because he cannot show that the savings clause reaches those claims. Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims. Petitioner has a remedy available to him under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition.[4]

---

[4] 28 U.S.C. § 2255(h) provides,

Indeed, the Supreme Court's decision in Welch making Johnson retroactive fortifies the remedy available to Petitioner through Section 2255(h).[5] Welch changes the Eleventh Circuit's Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners relying upon Johnson. See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)). In addition, the Eleventh Circuit has already

---

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[5] Other courts have agreed that, while Johnson and Welch may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e) as Petitioner attempts to do here. See King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under Johnson."). Subsequent to Welch, Magistrate Judges R. Stan Baker and Brian K. Epps of this District have independently concluded that a petitioner cannot bring a Johnson claim via Section 2241 due the availability of relief under Section 2255(h). R. & R., Edwards v. Flournoy, Case 5:15-cv-130 (May 13, 2016), ECF No. 15; R. & R., Richard v. Stone, Case 3:16-cv-1 (Apr. 25, 2016), ECF No. 15 ("Regardless of whether the [circuit court] actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241.").

recognized <u>Welch</u>'s holding and <u>Johnson</u>'s application to cases on collateral review. <u>In re Robinson</u>, ___ F.3d ___, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016).

Furthermore, the savings clause of Section 2255(e) only applies where a petitioner is categorically prevented from ever proceeding with a successive Section 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. <u>See, e.g.</u>, <u>Bryant</u>, 738 F.3d at 1377-78 (discussing retroactivity requirements in context of deciding whether Section 2255 is inadequate or ineffective); <u>see also</u> <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, Petitioner currently has available to him an actual remedy under Section 2255(h).[6]

---

[6] The Court reminds Petitioner that the filing of Section 2255 motions is governed by a statute of limitations period, and of particular significance is Section 2255(f)(3). "It is important to note that 28 U.S.C. 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" <u>King v. Werlich</u>, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) (quoting 28 U.S.C. § 2255(f)(3)). "Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[ ] and *not* from the date the newly recognized right was found to be retroactive. <u>Id.</u> (emphasis in original)(citing <u>Dodd v. United States</u>, 545 U.S. 353, 358 (2005)). <u>Johnson</u> was decided by the Supreme Court on June 26, 2015. Thus, if Petitioner wishes to seek leave from the

This Court expresses no opinion on the ultimate success of Petitioner's Section 2255(h) application. However, regardless of the merits of Petitioner's Johnson arguments, he clearly has a procedural avenue to assert those arguments. As such, he need not, and, thus, cannot, rely upon Section 2255(e) to assert his Johnson claims. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Petitioner may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This

---

Eleventh Circuit to file a Second 2255 motion, he must do so expeditiously.

court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Petitioner brought both a direct appeal with the Eleventh Circuit, as well as an original Section 2255 motion in the district of his conviction. However, the successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that Petitioner's claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

For all of these reasons, Petitioner has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241 claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[7]

---

[7] Because the Court cannot address the relative merits of Petitioner's claims due to his failure to satisfy the savings clause, the Court will not discuss whether Petitioner's underlying convictions are serious drug offense or violent felonies within the meaning of the ACCA absent the residual clause.

## II. Denial of *in Forma Pauperis* Status on Appeal

The Court also **DENIES** Petitioner leave to appeal *in forma pauperis*. Though Petitioner has, of course, not yet filed a notice of appeal, it is appropriate to address these issues in this Order. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Petitioner *in forma pauperis* status on appeal.

**CONCLUSION**

For the above stated reasons, the Court **GRANTS** Respondent's Motion to Dismiss, **DISMISSES** Petitioner's Petition, and **DENIES** Petitioner leave to appeal *in forma pauperis*. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 23 day of May, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA